IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOBA LOMIDZE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHESTER DOWNS AND MARINA, LLC | : | |
| d/b/a HARRAH'S PHILADELPHIA | : | NO. 14-1279 |

**MEMORANDUM**

**Padova, J.**                                                                                                      **April 16, 2015**

      Plaintiff Koba Lomidze brings this employment discrimination case against his employer, Defendant Chester Downs and Marina LLC, d/b/a Harrah's Philadelphia, asserting that Defendant discriminated against him on the basis of age and disability. Defendant has filed a Motion for Summary Judgment, in which it argues that the undisputed record evidence demonstrates that Plaintiff failed to exhaust his administrative remedies. For the following reasons, we grant the Motion and enter judgment in Defendant's favor.

**I.      BACKGROUND**

      The undisputed record facts are as follows. Defendant hired Plaintiff as an Environmental Services Attendant in March of 2009. (Def.'s Statement of Undisputed Material Facts ("Facts Stmt") ¶ 1.)[1] Two years later, he was transferred to the position of Heavy Duty Cleaner. (Id. ¶ 3.) Plaintiff's duties as a Heavy Duty Cleaner included climbing, stretching, bending, lifting up to fifty pounds, and pushing and pulling heavy duty equipment. (Id. ¶ 4.) According to Plaintiff, these duties were more difficult than those he was required to undertake as an Environmental Services Attendant. (Id. ¶ 5.) On February 5, 2012, Plaintiff was suspended pending an investigation into his refusal to follow a direct work order from his supervisor. (Id. ¶ 6.) On

---

[1] Plaintiff has not submitted any response to Defendant's Statement of Undisputed Material Facts. We therefore accept all of the facts in that Statement as undisputed in accordance with the procedures set forth in our case scheduling order. (Docket No. 29 at ¶ 3.)

February 13, 2012, following that investigation, Plaintiff was terminated from his position as a Heavy Duty Cleaner.  (Id. ¶ 7.)  Defendant stated that the reason for Plaintiff's termination was his failure to follow a direct order from his supervisor, which was considered to be insubordination.  (Id. ¶ 8.)

On February 14, 2012, Plaintiff filed a grievance with his union, seeking to dispute his termination and asking that the termination be "expunge[d]."  (Id. ¶¶ 9, 14; Def.'s Ex. E.)  After the union conducted its own investigation, which included speaking with Plaintiff's shop steward, it confirmed that Plaintiff had refused to follow a direct work order even after being advised of the consequences of that refusal.  (Facts Stmt ¶ 9.)  As a result, the union declined to pursue reinstatement on Plaintiff's behalf.  (Id.; Def.'s Ex. F.)  Instead, the union simply sought to have Plaintiff's termination converted to a resignation, so that his employment file would not reflect a termination.  (Facts Stmt ¶¶ 10-11.)  Defendant agreed to that resolution and, on April 4, 2012, Plaintiff's February 13, 2012 termination was converted to a resignation, effective February 13, 2012.  (Id. ¶ 12.)

On January 7, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Id. ¶ 15.)  In the Charge of Discrimination, Plaintiff claimed that Defendant had failed to accommodate his alleged disability and had disciplined him on account of his disabilities.  (Id.)  Consistent with that claim, the only box checked on Plaintiff's Charge of Discrimination is "disability," and the only statute referenced in the Charge is the Americans with Disabilities Act, 29 U.S.C. § 12112(a), as amended by the Americans with Disabilities Act Amendment Act of 2008, 29 U.S.C. § 1201 *et seq.* (together, the "ADA").  (Id. ¶ 16.)  The Charge of Discrimination does not allege discrimination based on age or national origin, and it does not mention the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §

623(a); Title VII, 42 U.S.C. § 2000e *et seq.*; or the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. Ann. § 951 *et seq.* (Id. ¶¶ 19-20.) Plaintiff co-filed a claim with the New Jersey Division of Civil Rights, but he never filed a claim with the Pennsylvania Human Relations Commission ("PHRC"). (Id. ¶ 20; Def.'s Ex. H.) The EEOC issued a right to sue letter on December 2, 2013. (Facts Stmt ¶ 21.)

Plaintiff filed his Complaint in this case on February 28, 2014. The Complaint asserts that Plaintiff was wrongfully terminated from his employment with Defendant due to age and disability, and that such termination violated Title VII, the ADEA, the ADA and the PHRA.[2] Defendant has filed a Motion for Summary Judgment, arguing, *inter alia*, that we should enter judgment in its favor because Plaintiff failed to timely exhaust his administrative remedies and did not raise any claim other than disability discrimination in his untimely filing with the EEOC.

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing

---

[2] Plaintiff's Complaint also asserts a claim pursuant to the New Jersey Law against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* Defendant has moved for judgment in its favor on this claim, but Plaintiff states in his response to Defendant's summary judgment motion that he voluntarily dismissed this claim earlier in this litigation. While the docket and pleadings do not reflect such a dismissal, we now dismiss Plaintiff's NJLAD claim in the Order accompanying this Memorandum, based on Plaintiff's representation.

the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   After the moving party has met its initial burden, the adverse party's response must support the assertion "that a fact cannot be or is genuinely disputed . . . by (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials [that the moving party has] cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In ruling on a summary judgment motion, we consider "the facts and draw all reasonable inferences in the light most favorable to the plaintiff, the party who opposed summary judgment." Lamont v. New Jersey, 637 F.3d 177, 179 n.1 (3d Cir. 2011) (citing Scott v. Harris, 550 U.S. 372 (2007)).

## III.   DISCUSSION

Defendant argues that we should dismiss all of Plaintiff's claims because Plaintiff did not timely exhaust his administrative remedies.   In the alternative, it argues that we should dismiss Plaintiff's discrimination claims insofar as they are grounded on any discrimination other than disability discrimination, because Plaintiff only asserted disability discrimination in his EEOC filing.

### A.   Timely Exhaustion of Administrative Remedies

It is well established that, as a prerequisite to filing an employment discrimination suit under Title VII, the ADEA, the ADA, or the PHRA, a plaintiff must first exhaust his administrative remedies. Webb v. City of Philadelphia, 562 F.3d 256, 262 (3d Cir. 2009) (addressing Title VII claims (citations omitted)); Hildebrand v. Allegheny County, 757 F.3d 99 (3d Cir. 2014) (addressing ADEA claims (citing 29 U.S.C. § 626(d)(1)); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999) (addressing ADA claims (citations omitted)); Mandel v. M&Q

4

Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (addressing PHRA claims) (citation omitted)). A plaintiff does so by filing an administrative charge within a specified time frame. See, e.g., Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 104-05 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). For a Title VII claim, the plaintiff must file a charge with the EEOC within "either 180 or 300 days 'after the alleged unlawful employment practice occurred.'" Id. (quoting 42 U.S.C. § 2000e-5(e)(1)). The operative time period in Pennsylvania is 300 days, because Pennsylvania is a "deferral state," i.e., a state in which there is a state agency with authority to grant relief on claims of alleged discrimination. Seredinski v. Clifton Precision Prods. Co., 776 F.2d 56, 61 (3d Cir. 1985). The same 300-day time period applies in ADEA and ADA cases. See Hildebrand, 757 F.3d at 111 (citing 29 U.S.C. § 626(d)); Mercer v. Se. Pa. Transit Auth., 26 F. Supp. 3d 432, 440-41 (E.D. Pa. 2014). Meanwhile, Pennsylvania law dictates that, before a plaintiff can bring a suit under the PHRA, he must file an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. 43 Pa. Cons. Stat. Ann. § 959(h).

"It is well established that for purposes of filing a charge claiming unlawful discharge, the limitations period must be measured from the date on which the employee was advised of the decision to terminate his . . . employment." Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) (citations omitted). In the instant case, the record reflects that Plaintiff was advised that he was being terminated on February 13, 2012, and that his termination was effective that date. (See Def.'s Exs. D, E; Fact Stmt ¶ 13.) Thus, for Plaintiff's federal claims to be timely, Plaintiff must have filed them with the EEOC no more than 300 days later, i.e., no later than December 9, 2012. Moreover, for his PHRA claim to be timely, he must have been filed that claim with the PHRC no more than 180 days after his termination, i.e., no later than August 11, 2012. Here, the undisputed evidence demonstrates that Plaintiff did not file his Charge of Discrimination with the EEOC until

January 7, 2013, and there is no evidence in the record that he ever filed a claim with the PHRC. Accordingly, we conclude that Plaintiff failed to file timely claims with either the EEOC or PHRC.[3]  Plaintiff therefore failed to timely exhaust his administrative remedies, and his federal and Pennsylvania claims are barred on that basis.

### B.   Age Discrimination and Violation of Title VII

Given this conclusion, we need not address Defendant's alternative argument that Plaintiff failed to raise any claim of age discrimination or any potential claim under Title VII and therefore did not exhaust his administrative remedies with respect to any such claims.[4]  However, we nevertheless conclude that Plaintiff's failure to make any attempt to exhaust any age or Title VII claims provides an additional basis for our granting summary judgment in Defendant's favor on Plaintiff's ADEA and Title VII claims.  The "parameters of the civil action in the district court are defined by the scope of the EEOC investigation which [could] reasonably be expected to grow out of the charge of discrimination."  Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) (citations omitted).  We must interpret "the 'preliminary requirements for a Title VII action . . . in a nontechnical fashion,'" but we must also be careful not to permit "the aggrieved

---

[3] In responding to Defendant's timeliness argument, Plaintiff states that he "alleges that he was wrongfully terminated [from] his employment . . . on April 4, 2012." (Pl.'s Br. at 2.)  He thus contends that his January 7, 2013 filing of his Charge of Discrimination with the EEOC was timely as it was within 300 days of his termination.  However, the record does not provide evidentiary support for Plaintiff's allegation that his termination occurred on April 4, 2012, and instead clearly reflects that he was terminated on February 13, 2012.  (See Def.'s Exs. D, E; Fact Stmt ¶ 13.)  Accordingly, we reject Plaintiff's unsupported assertion to the contrary.

[4] Plaintiff's Brief in opposition to Defendant's Motion suggests that he has asserted claims in his Complaint for discrimination based on national origin and retaliation pursuant to Title VII. However, the Complaint does not make any reference to national origin or retaliation. Accordingly, in spite of his reference to Title VII, we conclude that he has not asserted any retaliation or national origin discrimination claims.

party . . . 'to bypass the administrative process.'" Webb, 562 F.3d at 263 (quoting Ostapowicz, 541 F.2d at 398).

Here, the Charge of Discrimination form that Plaintiff filed with the EEOC contains a section in which the charging party is to indicate the type(s) of discrimination about which he is complaining. (See Def.'s Ex. H.) This section instructs the complaining party to check the "appropriate box(es)" next to the type of discrimination at issue, and it provides individual check-boxes for race, color, sex, religion, national origin, retaliation, age, disability, genetic information, and "other." (Id.) In this case, Plaintiff only checked the box next to "disability." (Id.) Moreover, the narrative portion of the Charge of Discrimination is entirely consistent with Plaintiff having checked that single box, as it only recounts alleged discrimination based on disability. (Id.) Specifically, Plaintiff states only that he suffers from disabilities; that Defendant was aware of those disabilities; that his duties were changed so that he "was required to do frequent bending," which "irritated [his] disabilities;" that he asked his supervisor to return him to his prior duties; and that his supervisor disciplined him "instead of accommodating [him]." (Id.) He then asserts that he "believe[s] [that he] was discriminated against because of [his] disabilities, in violation of the Americans with Disabilities Amended Act of 2008, in that [Defendant] disciplined and terminated [him] because of [his] disabilities and refused to give [him] a reasonable accommodation." (Id.)

Under these circumstances, we could not "reasonably . . . expect[]" an investigation into age discrimination or a Title VII violation to grow out of the EEOC charge. See Ostapowicz, 541 F.2d at 399. Thus, even if Plaintiff's Charge of Discrimination had been timely, it would not have sufficed to exhaust his claims of age discrimination or any claim that he was terminated in

violation of Title VII.   Thus, for this additional reason, we enter judgment in Defendant's favor on Plaintiff's claims of discrimination based on age and Title VII.

**IV.   CONCLUSION**

For the foregoing reasons, we conclude that Plaintiff failed to timely exhaust his administrative remedies for the claims he seeks to raise in this federal civil action.   We therefore grant Defendant's Motion for Summary Judgment in its entirety and enter judgment in Defendant's favor.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J